■ GEORGE FABER et al., Appellants, v NORMAN YOURISH et al., Respondents.—In an action to recover damages for medical malpractice, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, dated December 7, 1975, which denied their motion for leave to amend their bill of particulars. Order affirmed, with $50 costs and disbursements. We find that Special Term properly exercised its discretion. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.

■ BARBARA A. GASPARRI, Respondent, v ROBERT E. GASPARRI, Appellant.—In a matrimonial action in which the plaintiff wife was granted a judgment of divorce, the defendant appeals, (1) as limited by his brief, from so much of the said judgment of the Supreme Court, Westchester County, dated June 8, 1976, as, after a nonjury trial, concerns the financial relationships of the parties, (2) from an order of the same court, dated June 23, 1976, which denied his motion for reargument and (3) as limited by his brief, from so much of an amended order of the same court, dated July 2, 1976, as, upon reargument, adhered to the prior determinations. Appeal from the judgment dismissed as academic. The judgment was superseded by the amended order of July 2, 1976. Appeal from the order dated June 23, 1976 dismissed. No appeal lies from an order denying a motion for reargument. Amended order dated July 2, 1976 modified, on the facts, by deleting therefrom the provision that the prior determinations are adhered to, and substituting therefor a provision that the judgment is modified in the following respects: (1) deleting from the second decretal paragraph thereof the amount "$100.00" and substituting therefor the amount "$50"; (2) deleting from the tenth decretal paragraph thereof the amount "$1,177.94" and substituting therefor the amount "$657.94"; and (3) deleting from the fifteenth decretal paragraph thereof (a) the amount "$8,250" and substituting therefor the amount "$5,750" and (b) subdivision "3". As so modified, amended order affirmed insofar as appealed from. Plaintiff is awarded one bill of costs to cover all appeals. With respect to the moneys which the defendant withdrew from the parties' joint savings account, he may be charged only with the sum representing one half of the two withdrawals made by him for his own personal purposes without the plaintiff's knowledge (see Banking Law, § 675; *Matter of Bricker [Anna Krimer] v Krimer,* 13 NY2d 22). The awards for alimony and counsel fees were excessive to the extent indicated herein. Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.